IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 17, 2016 Session

**STATE OF TENNESSEE v. DOMINIQUE GREER**

**Appeal from the Criminal Court for Hamilton County**
**No. 277886   Rebecca J. Stern, Judge**
———————————————————————

**No. E2015-00922-CCA-R3-CD – Filed May 17, 2017**
———————————————————————


D. KELLY THOMAS, JR., J., concurring.

I concur in the results reached by the majority but write separately to express a different conclusion regarding the admissibility of evidence of the Defendant's robbery of Mr. Carroll. The majority holds that the Defendant's robbery of Mr. Carroll was properly admitted to prove identity and intent for the charged offenses. However, I believe that the probative value of the Defendant's prior bad act is outweighed by the danger of unfair prejudice to the Defendant. Thus, the evidence that the Defendant committed a prior robbery should not have been admitted pursuant to Tennessee Rule of Evidence 404(b).

"Generally, Rule 404(b) is an exclusionary rule." State v. Shayne Thomas Hudson, No. M2013-02714-CCA-R3-CD, 2014 WL 6609284, at *4 (Tenn. Crim. App. Nov. 21, 2014) (citing State v. Jones, 15 S.W.3d 880, 894 (Tenn. Crim. App. 1999)). In Hudson, this court explained that the "general rule is that evidence of a defendant's prior conduct is inadmissible, especially when previous crimes or acts are of the same character as the charged offense, because such evidence is irrelevant and invites the finder of fact to infer guilt from propensity." Id. (quoting State v. Daniel H. Jones, No. E2010-00016-CCA-R3-CD, 2011 WL 2347711, at *3 (Tenn. Crim. App. Sept. 11, 2011)). "The rationale underlying Rule 404(b)'s exclusion of evidence of a defendant's prior bad acts is that admission of such evidence carries with it the inherent risk of the jury convicting the defendant of a crime based upon his bad character or propensity to commit a crime, rather than the conviction resting upon the strength of the evidence." Id. Rule 404(b) does allow evidence of a prior bad act if the evidence "is relevant to [a] litigated issue such as identity, intent, or rebuttal of accident or mistake and its probative value is not outweighed by danger of unfair prejudice." State v. Hayes, 899 S.W.2d 175, 183 (Tenn. Crim. App. 1995). "If the unfair prejudice outweighs the probative value *or is dangerously close to tipping the scales*, the court must exclude the evidence despite its

relevance to some issue other than character." State v. Drinkard, 909 S.W.2d 13, 16 (Tenn. Crim. App. 1995) (emphasis added).

"When the other crime is similar to the charged offense in the pending case, the danger of unfair prejudice is especially prevalent, increasing the likelihood that '[the] jury would convict on the perception of a past pattern of conduct, instead of on the facts of the charged offense.'" Hudson, 2014 WL 6609284, at *5 (quoting State v. Jones, 450 S.W.3d 866, 894 (Tenn. 2014)). Here, the Defendant's prior bad act is the exact same as one of the crimes for which the Defendant was charged, thus, the danger of unfair prejudice against the Defendant by admitting the prior act is extremely high.

The probative value of the prior robbery in establishing the identity of the Defendant as the perpetrator of the robbery and murder of the victim is very low. Testimony was presented that the Defendant told two people that Jamicah Moore drove him to and from the crime scene. Proof was also presented that Mr. Carroll's phone was used to call a phone used by Jamicah Moore on two occasions the day of the robbery-murder. While this proof, if believed, is relevant to connect the Defendant to both crimes, there is no evidence that Jamicah Moore was involved in Mr. Carroll's robbery, and the proof that he drove the Defendant to and from the crime scene was not strong enough to support criminal charges against him. Furthermore, finding Mr. Carroll's wallet in the location where the Defendant said the gun used in the robbery-murder was located does not make it more or less likely that he robbed and murdered the victim. If the police had found the gun in the same location as the wallet, the link between the first robbery and the second robbery-murder would be established, thus increasing the probative value of admitting evidence of the first robbery.

However, the probative value of the potential connection between the use of Mr. Carroll's cell phone and wallet and the victim's robbery and murder is too tenuous to outweigh the highly prejudicial effect of admitting the prior robbery. To admit a prior bad act and overcome its highly prejudicial effect, the value of the evidence must be apparent and its probative value great. Here, the probative value is outweighed by the danger of unfair prejudice. Thus, the evidence should not have been admitted to prove the identity of the Defendant. See Hayes, 899 S.W.2d at 183.

Furthermore, it was improper to admit this evidence to establish the Defendant's intent to rob and murder the victim. This evidence was not offered to rebut a claim of mistake. Mr. Wood's perception that the Defendant had "robbed somebody before" thus the Defendant "was going to do it again" was based on propensity. Essentially, the evidence shows that because the Defendant committed one robbery, it was likely he intended to commit the second robbery-murder that evening. There was no physical evidence that one robbery was connected to the other. The relevance of the prior robbery

-2-

to show intent to commit the second robbery is strictly propensity. Our supreme court held that pursuant to Tennessee Rule of Evidence 404(b), "evidence of prior bad acts cannot be used to prove that a person has a propensity to commit a crime." State v. Adams, 405 S.W.3d 641, 659 (Tenn. 2013). The evidence should not have been admitted to prove the intent of the Defendant.

For these reasons, I concur in the results reached by the majority, but I conclude that the evidence that the Defendant committed a prior robbery should not have been admitted pursuant to Tennessee Rule of Evidence 404(b).


_____

D. KELLY THOMAS, JR., JUDGE